**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PAULA ZELESNIK, | Case No. 1:20-cv-56 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| JOHN REICE, et al., | |
| Defendants | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se action against numerous individuals and two entities presumed to be associated with the General Electric Company. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**The Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are

satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**Plaintiff's Complaint**

Plaintiff's pro se complaint states as follows:

> I am suing the General Electric Co. Stamford CT and GEAE Evendale Ohio because <u>all</u> US military and commercial jet engine heat transfer calculations are wrong and software are either wrong or nonexistent TF39, CF6, CFM56, JSF, GE23A, LEAP, FI36, AETP, GP7000, GE90, GE90-115B + family by GE Bile Laverty, …[series of individually named Defendants].

(Doc. 1-1 at PAGEID 6). In the "Relief" section of the complaint form Plaintiff adds:

> I want the US Government to <u>cancel</u> GE's WOAFB AETP contract and to fire GE David Joyce, CEO GEAC. I am going to ask this for the trillionth time, take my name off GE Energy, USA's Obama + Trump, and Russia's Putin fuel cooled combuster 2011. I want my signature off GCJ's Mark Mooreman's papers 4/5/2015 Xenia Ohio.

3

(*Id.* at PAGEID 7).

Plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations generally amount to legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff's Vexatious Litigation History**

Since 2017, Plaintiff has filed more than a dozen lawsuits in this Court.[1] Virtually all of those cases have been dismissed as frivolous on initial screening, based upon Plaintiff's failure to state any claim under 28 U.S.C. § 1915(e)(2)(B).[2] Repeatedly, the undersigned has found Plaintiff's allegations to be "illogical and incomprehensible." (See, e.g., Doc. 6 at 3 in Case No. 1:18-cv-433; Case No. 1:17-cv-209, Doc. 4 at 3; Case No. 1:17-cv-211, Doc. 7 at 3; Case No. 1:17-cv-505, Doc. 4 at 3). U.S. Magistrate Judge LItkovitz has similarly found Plaintiff's complaints to be "rambling, difficult to decipher, and border on the delusional," with "no factual content or context from which the Court may reasonably infer that the defendants violated the plaintiff's rights." (Case

---

[1] *See, e.g.*, Case No. 1:17-cv-209-TSB-SKB; Case No. 1:17-cv-210-TSB-KLL; Case No. 1:17-cv-211-SJD-SKB; Case No. 1:18-cv-433-TSB-SKB; Case No. 1:18-cv-584-TSB-KLL; Case No. 1:18-cv-685-SJD-KLL; Case No. 2:18-cv-1101-MHW-EPD; Case No. 2:18-cv-1225-GCS-EPD; Case No. 2: 18-cv-1251-JLG-CMV; Case No. 1:17-cv-505-MRB-SKB; Case No. 1:17-cv-710-SJD-KLL; Case No. 1:18-cv-478-TSB-SKB; Case No. !:19-cv-978-SKB-TSB; Case No. 1:20-cv-52-MWM-SKB; Case No 1:20-cv-64-TSB-SKB.
[2] The sole exceptions are Case No. 2:18-cv-1101, which was transferred through an intradistrict transfer to Cincinnati and re-filed as 1:18-cv-685 before being dismissed as frivolous, and Case No. 1:18-cv-584, which was dismissed prior to screening based upon Plaintiff's failure to comply with a Court order directing her to either file an application to proceed *in forma pauperis* or the requisite filing fee.

No. 1:17-cv-710, Doc. 4 at 3; Case No. 1:17-cv-210, Doc. 7 at 3). Plaintiff's current complaint contains similar illogical, incomprehensible, and apparently delusional allegations.

Based on the strain on judicial resources caused by Plaintiff's persistence in filing legally frivolous cases that fail to state any federal claim, in Case No. 1:18-cv-478, the undersigned wrote: [C]onsidering that this is Plaintiff's seventh frivolous case filed in this Court found to be subject to summary dismissal on initial screening, it is appropriate to put Plaintiff on notice and to warn her that she will be subject to sanctions if she continues to file such frivolous lawsuits with this Court, which sanctions will include, but not be limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court.." (Doc. 4, Report and Recommendation filed July 20, 2018). U.S. District Judge Black adopted that recommendation, and on November 21, 2018, explicitly warned Plaintiff "that she will be subject to sanctions if she continues to file frivolous lawsuits with this Court. Sanctions may include, but are not limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court." (Doc. 6).

After Plaintiff filed a thirteenth frivolous case on December 2, 2019, Case No 1:19-cv-978-SKB-TSB, the undersigned recommended that a specific pre-filing restriction be placed on Plaintiff, requiring her to tender with any complaint a "certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert." (*Id.*, R&R filed 12/2/19). The referenced R&R has not yet been adopted by the presiding district judge, and it appears that the copy of that R&R that that had been mailed to the

Plaintiff was returned to this Court based upon her failure to keep the Court apprised of her correct address.[3] Consistent with the warning provided in Case No. 1:18-cv-478 and the pre-filing restrictions recommended in Plaintiff's most recent cases, Case No. 1:19-cv-978-SKB-TSB, Case No. 1:20-cv-52-MWM-SKB, and Case No. 1:20-cv-64-SJD-SKB, the undersigned recommends the same pre-filing restriction at this time.

**Conclusion and Recommendation**

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED with PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. Finally, given that Plaintiff has now filed more than a dozen lawsuits that have been dismissed on initial screening for failure to state any claim, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin her from filing any new actions without submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]The Court acknowledges some doubt as to whether this R&R will reach Plaintiff. In this case, she has listed the location of a professional office building as her return address. The specific suite that Plaintiff has listed for her home address appears to house a senior services agency.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PAULA ZELESNIK, | Case No. 1:20-cv-56 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| JOHN REICE, et al., | |
| Defendants | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).